UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS HERRERA, | )   1:12-cv-0437-JLT |
| Plaintiff, | )   ORDER GRANTING MOTION TO PROCEED<br>)   IN FORMA PAUPERIS |
| v. | )   (Doc. 4) |
| COMMISSIONER OF SOCIAL<br>SECURITY, | )   ORDER DIRECTING CLERK TO ISSUE<br>)   SUMMONS |
| Defendant. | )   ORDER DIRECTING UNITED STATES<br>)   MARSHAL FOR SERVICE OF COMPLAINT |

        Juan Carlos Herrera ("Plaintiff") seeks to proceed *in forma pauperis* and *pro se* with an action seeking judicial review of a determination of the Social Security Administration.  Pending before the Court is the complaint (Doc. 1) and application to proceed *informa pauperis* (Doc. 4) filed by Plaintiff on March 22, 2012.

**I.    Proceeding *in forma paueris***

        The Court may authorize the commencement of an action without prepayment of fees "but a person who submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a).  The Court has reviewed the application and has determined that it satisfies the requirements of 28 U.S.C. § 1915(a).  Therefore, Plaintiff's Motion to Proceed In Forma Pauperis is **GRANTED**.

1

**II.      Screening Requirement**

When a plaintiff is proceeding *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2).  A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**III.     Pleading Standards**

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me unlawfully accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more

2

1  than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a
   complaint pleads facts that are "merely consistent with" a defendant's liability, it
2  "stops short of the line between possibility and plausibility of 'entitlement to relief.'

3  *Iqbal*, 129 S. Ct. at 1949.  Where the factual allegations are well-pled, a court should assume

4  their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions

5  in the pleading are not entitled to the same assumption of truth.  *Id.*

6       Here, Plaintiff's complaint indicates his application and appeal for Social Security

7  benefits have been denied, and he seeks review of the decision by the Commissioner of Social

8  Security for the denial of benefits.  (Doc. 1 at 1-2).  The Court has jurisdiction over such claims

9  pursuant to 42 U.S.C. § 405(g), which provides in relevant part:

10       Any individual, after any final decision of the Commissioner made after a hearing to
         which he was a party, irrespective of the amount in controversy, may obtain a review
11       of such decision by a civil action commenced within sixty days after the mailing to
         him of such decision or within such further time as the Commissioner may allow.
12       Such action shall be brought in the district court of the United States for the judicial
         district in which the plaintiff resides, or has his principal place of business . . .The
13       court shall have power to enter, upon the pleadings and transcript of the record, a
         judgment affirming, modifying, or reversing the decision of the Commissioner of
14       Social Security, with or without remanding the cause for a rehearing.

15  *Id.*  Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be

16  reviewed by any person, tribunal, or governmental agency."  42 U.S.C. § 405(h).  The Supreme

17  Court noted that the purpose of the legislation was "to forestall repetitive or belated litigation of

18  stale eligibility claims."  *Califano v. Sanders*, 420 U.S. 99, 108 (1977).   Plaintiff asserts the

19  Appeals Council denied his request for review on January 27, 2012, at which time the decision of

20  the administrative law judge became the decision of the Commissioner.  (Doc. 1 at 2).

21  Accordingly, Plaintiff seeks timely review of the decision denying him benefits, and the Court

22  has jurisdiction over the matter.

23  **IV.    Conclusion and Order**

24       Plaintiff's Complaint states a cognizable claim for review of the administrative decision

25  denying Social Security benefits.  Based upon the foregoing, **IT IS HEREBY ORDERED**:

26       1.    Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**;

27       2.    The Clerk of Court is DIRECTED to issue summons as to the defendant,

28            Commissioner of Social Security;

3

1   3.    The Clerk of Court is DIRECTED to issue and serve Plaintiff with Social Security
2         Case Documents, including the Scheduling Order, Order regarding Consent, the
3         Consent Form, and USM-285 Forms;
4   4.    Plaintiff SHALL complete and submit to the Court the "Notice of Submission of
5         Documents in Social Security Appeal Form;" and
6   5.    The U.S. Marshal is DIRECTED to serve a copy of the complaint, summons, and
7         this order upon the defendant as directed by the Plaintiff in the USM Forms.
8   IT IS SO ORDERED.
9   Dated:  **March 26, 2012**                    **/s/ Jennifer L. Thurston**
10                                            UNITED STATES MAGISTRATE JUDGE

4